UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN T. WILKERSON,

        Petitioner,

   v.

ROCK HILL,

        Respondent.

No.  2:  13-cv-2053 TLN KJN P

FINDINGS & RECOMMENDATIONS

Introduction

      Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his September 2011 prison disciplinary conviction for possession of an inmate manufactured weapon in violation of California Code of Regulations, Title 15 § 3006(a).  Petitioner was assessed 360 days of work credits.

      In this action, petitioner alleges that there was insufficient evidence to support his conviction.  After carefully reviewing the record, the undersigned recommends that the petition be denied.

Standards for a Writ of Habeas Corpus

      An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28

1

U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

////

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. That presumption may be overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

"When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted." Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to" de novo review of the claim. Id., at 1097.

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784. "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

Legal Standard for Claim Alleging Insufficient Evidence to Support Disciplinary Conviction

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although prisoners retain due process rights, those rights are limited "by the nature of the regime to which they have

3

been lawfully committed." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citations omitted). As "[p]rison disciplinary proceedings are not part of a criminal prosecution," prisoners do not enjoy "the full panoply of rights due a [criminal] defendant." Id.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced....'" Superintendent v. Hill, 472 U.S. 445, 455 (1985) (quoting United States ex rel. Vajtauer v. Comm'r of Immigration, 273 U.S. 103, 106 (1927)). The court need not examine the entire record, independently assess witness credibility, or weigh the evidence. Id. Instead, the relevant inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 456. Thus, the Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board; it only requires that there be "some evidence" to support the finding, even if that evidence may be characterized as meager. Id. at 457.

Analysis

Petitioner was found guilty of violating California Code of Regulations, Title 15, § 3006(a) which provides, in relevant part, that inmates may not possess or have under their control or constructive possession any weapons.

The Solano County Superior Court is the last state court to issue a reasoned decision addressing petitioner's claim. (ECF No. 12-1 at 2-3; ECF No. 12-2 at 2; ECF No. 12-4 at 2.) Applying the standards set forth in Superintendent v. Hill, supra, the Solano County Superior Court found that there was sufficient evidence to support petitioner's conviction. (ECF 12-1 at 2-3.) Accordingly, the undersigned considers whether the denial of petitioner's claim by the Superior Court was an unreasonable application of clearly established Supreme Court authority.

Petitioner was found guilty based on the following evidence: 1) on August 2, 2011, the weapon was found in the bedpost of petitioner's bed; 2) petitioner had been assigned to the bunk where the weapon was found for 18 months; and 3) petitioner's bed was previously searched on May 2, 2011 and nothing was found. (ECF No. 12-1 at 31-33.) This is sufficient evidence that

petitioner was guilty of possessing the inmate manufactured weapon.  In other words, this evidence meets the "some evidence" test required to support the disciplinary finding.

Petitioner does not dispute that a weapon was found in the bedpost of his bed.  Petitioner argues that there was insufficient evidence to support the finding that he possessed the weapon because there was no evidence that he ever actually possessed it.  Petitioner states that his cellmate jointly occupied the area and had unrestricted access to the bedpost.  Petitioner also argues that approximately 198 other inmates had access to the bedpost because it was parallel to and formed the walk way where all inmates traveled.  Petitioner also argues that there was no evidence presented that he personally placed the weapon in the bedpost.  Case law recognizes constructive possession as a type of possession in contraband cases.  See, e.g., In re Zepeda, 141 Cal.App.4th 1493, 1499-1500 (2006).  While other inmates may have had access to petitioner's bed, the fact that the weapon was found in the bedpost of petitioner's bed is "some evidence" of his possession of the weapon.[1]

Petitioner also argues that the fact that he had occupied the cell for 18 months and no weapons were found during several previous searches is evidence that he did not place the weapon in the bedpost.  Petitioner argues that only after inmate Curtis was assigned to be his cellmate was a weapon found in the bedpost.  While these circumstances may be in petitioner's favor, they do not change the court's finding that "some evidence" supported petitioner's conviction.  As noted above, the court need not weigh the evidence in evaluating petitioner's claim.  472 U.S. at 455.  The relevant inquiry is "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."  472 U.S. at 456 (emphasis added).

In state court, petitioner also argued that his due process rights were violated because the weapon taken from his bedpost was not sealed in an evidence bag and dusted for fingerprints.

---

[1]  The Rules Violation Report describes the search that led to the discovery of the weapon: "During the search Officer Marquez lifted up the bed with his hands as I placed a mirror under the right bottom post of the bed.  I discovered a white cloth that was hidden in the post and pulled it out with my mirror."  (ECF No. 12-1 at 31.)  Based on this description of how and where the weapon was found, it is difficult to imagine how inmates walking by petitioner's cell could have inserted the weapon in the bedpost.

5

(ECF No. 12-1 at 2.)  It is unclear whether petitioner is raising this specific claim in the instant action.

With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  1) written notice of the charges; 2) at least 24 hours between the time the prisoner receives the written notice and the time of the hearing; 3) a written statement by the fact finders of the evidence they rely on and reasons for disciplinary action; 4) the right to call witnesses if it would not be unduly hazardous to institutional safety or correctional goals; and 5) legal assistance if the prisoner is illiterate or the issues are legally complex.  Wolff v. McDonnell, 418 U.S 539, 563-71 (1974).  To the extent petitioner challenges his conviction on grounds that the weapon was not placed in a sealed bag and dusted for fingerprints, there is no clearly established Supreme Court authority in support of this claim.

For the reasons discussed above, the undersigned finds that the Solano County Superior Court's denial of petitioner's claim was not an unreasonable application of clearly established Supreme Court authority.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

////

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  Dated:  February 11, 2014

4

5  Wilk2053.157

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE